Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9876 | **DATE** | 7/16/2002 |
| **CASE TITLE** | Kimberly Jones vs. The County of Cook | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendants' motion to dismiss (17-1) the prayer for punitive damages, to dismiss the claims against Ross in his individual capacity, and to dismiss Count Two is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 17 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/16/2002 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | 02 JUL 16 PM 3:23 | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KIMBERLY JONES, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 01 C 9876 |
| THE COUNTY OF COOK, MARY GRIFFIN, JESSIE DOYLE, and WILLIE ROSS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

DOCKETED
JUL 17 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Judge:

Plaintiff Kimberly Jones ("Jones") was dismissed from her job with the Cook County Juvenile Temporary Detention Center (the "Center"). Jones filed suit in federal court against Cook County and three individual defendants based on allegations that her supervisor, Assistant Superintendent Willie Ross ("Ross"), sexually harassed her and retaliated against her. Presently before us is a motion to dismiss Count Two of the complaint and to dismiss all claims against Ross in his individual capacity. For the following reasons, the motion is granted.

### FACTUAL BACKGROUND

The following factual allegations are taken from the complaint and are deemed true for the purpose of this motion to dismiss. *See MCM Partners, Inc. v. Andrew-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995).

Jones first met Ross at the Empress Casino in April 1999. Ross suggested that Jones apply for a job at the Center, and he later phoned her to encourage her to apply as well as to ask her out on a date. While Jones refused the offer of a date, she did apply for the job. After interviewing with Ross and

Superintendent Jessie Doyle ("Doyle"), she was hired as the supervisor of the Center's recreation department on June 7, 1999.

Jones describes a pattern of sexual harassment by Ross that began immediately upon her employment and continued until her termination. During her first week of employment, Ross threatened to fire her if she dated a co-worker. Ross required Jones to share an office with him, even though she was told that she would receive her own office. Ross demanded that Jones accompany him to the lunchroom and eat lunch with him daily. On several occasions, Ross ordered Jones to go to the bank with him, which is outside the scope of her job description. Ross asked Jones to accompany him to Empress Casino after working hours, which she refused. Ross demanded that Jones attend daily meetings with him, during which Ross made sexual comments and initiated conversations of a personal nature that would last for more than an hour. At one of these meetings, Ross asked Jones about her marital status and told her to leave her husband. At another meeting, Ross suggested that Jones change her hairstyle and get her nails done. In September 1999, Ross demanded that Jones look into his eyes when she talked to him and told her that her eyes were pretty. If Jones looked in another direction, Ross banged on his desk and yelled at her. In October 1999, Ross called Jones into his office where another employee (identified only as "Herb") was present. Herb intentionally rubbed his back against Jones's breast. Although he witnessed the incident, Ross did nothing. Ross then asked Jones to escort Herb to a fund-raising dinner but she refused.

Jones made several complaints to Ross's superiors about his behavior. In July 1999, she complained to Doyle, Ross's immediate supervisor, but no investigation was undertaken. In August 1999, Jones complained to Doyle's superior, Director Mary Griffin ("Griffin"), but she told Jones to discuss the problem with Doyle and to call her if things got worse. In September 1999, Doyle invited

2

Jones to a conference with Ross at which Doyle questioned her about her grievances. When Jones attempted to leave the room, Doyle blocked the door with a chair and referred to Jones as "Mrs. Ross."

On November 4, 1999, Ross, who knew that Jones wanted a job in the Cook County Probation Department, told her that "I can do some things for a woman who dates me." Jones refused his offer of assistance. On November 17, 1999, Ross terminated Jones.

On July 14, 2000, Jones submitted a Charge Questionnaire to the Equal Employment Opportunity Commission ("EEOC"). On September 29, 2000, Jones signed an EEOC Charge of Discrimination which briefly outlined her sexual discrimination and retaliation claims against the Center. On September 26, 2001, the EEOC sent Jones a right-to-sue letter. On December 26, 2001, Jones filed a two-count complaint in federal court against Cook County as well as Ross, Doyle, and Griffin (collectively, "Defendants") in their individual and official capacities. Count One, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, alleges that she was the victim of quid pro quo and hostile environment sexual harassment. Count Two, also brought pursuant to Title VII, alleges retaliation.

Defendants filed a partial motion to dismiss the complaint. First, Defendants argue that all claims against Ross in his individual capacity should be dismissed. Second, Defendants contend that Count Two should be dismissed because Jones's retaliation claim is outside the scope of her EEOC charge or, alternatively, that the retaliation claim fails to state a claim upon which relief can be granted.[1]

---

[1] Defendants also argue that Jones's prayer for punitive damages should be dismissed. In her reply to the motion to dismiss, Jones acknowledges that punitive damages are not recoverable under Title VII. Accordingly, Defendants' motion to dismiss Plaintiff's prayer for punitive damages is granted.

## DISCUSSION

### A. Claims Against Ross in his Individual Capacity

Jones brings her claims against Ross in both his individual and official capacities. Defendants maintain that all claims against Ross in his individual capacity should be dismissed because he does not qualify as an employer under Title VII. We agree.

Title VII imposes liability on employers for discriminating against any individual on account of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Although "employer" is defined to include an employer's agents, 42 U.S.C. § 2000e(b), the Seventh Circuit has held that agents are not individually liable under Title VII. *See Williams v. Banning*, 72 F.3d 552, 553 (7th Cir. 1995). The fact that agents are included in the definition of employer "is simply a statutory expression of traditional respondeat superior liability and imposes no individual liability on agents." *Id.* As an agent of Cook County, Ross cannot be held individually liable under Title VII. We therefore dismiss all claims against Ross in his individual capacity.

### B. Count Two

Jones alleges that she was the victim of retaliation. Defendants maintain that her retaliation claim should be dismissed because it is outside the scope of her EEOC charge or, alternatively, because it fails to state a claim upon which relief can be granted.

#### 1. Retaliation Claim is Within the Scope of the EEOC Charge

Defendants argue that Jones's retaliation claim should be dismissed because she did not raise the claim in her EEOC charge. Defendants note that Jones checked the box on the EEOC Charge Questionnaire form indicating sex discrimination but left all other boxes, including "retaliation," blank. Since a Title VII plaintiff may not ordinarily bring a claim in a federal lawsuit which was not included

4

in her EEOC charge, *see Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)), Defendants contend that Count Two should be dismissed.

Defendants' argument rests on a simple misunderstanding. Defendants assume that Jones's Charge Questionnaire amounts to an EEOC charge of discrimination. However, a Charge Questionnaire does not ordinarily constitute an EEOC charge. Only when the Charge Questionnaire is the only timely written statement of allegations of employment discrimination will the EEOC consider it a charge of discrimination. *See* EEOC Form 283 n.3 ("When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination . . . ."). In this case, though, Jones did in fact file a separate Charge of Discrimination form which the EEOC presumably sent to Defendants.[2] *See* Compl. Ex. 1; *Novitsky v. Am. Consulting Engineers, L.L.C.*, 196 F.3d 699, 702 (7th Cir. 1999) ("Only the charge [not the charge questionnaire] is sent to the employer . . . ."). Since the Seventh Circuit has held that "it is the charge rather than the questionnaire that matters," *Novitsky*, 196 F.3d at 702, we must examine the Charge of Discrimination form to determine the scope of Jones's EEOC charge.

---

[2]Defendant's misunderstanding on this question is due in no small part to the negligence of Plaintiff's counsel. Plaintiff's counsel attached the Charge of Discrimination to the Complaint as Exhibit 1. Inexplicably, though, Plaintiff's counsel failed to attach the Charge of Discrimination to the Amended Complaint, replacing it with the Charge Questionnaire. Moreover, in replying to Defendants' motion to dismiss, Plaintiff's counsel failed to recognize his error, neglecting to even mention the apparently forgotten Charge of Discrimination form. For purposes of this motion, we will assume that the Charge of Discrimination has been attached to the Amended Complaint. If Plaintiff's counsel files a Second Amended Complaint, he should attach a copy of the Charge of Discrimination. We urge him to be more vigilant on behalf of his client in future filings with this court.

5

On the Charge of Discrimination form, Jones checked boxes associated with sex discrimination and retaliation. Moreover, Jones described the particulars of her charge as follows:

> I was hired by Respondent [the Center] on June 7, 1999 as a Recreation Supervisor. From June 7, 1999 until my termination on November 17, 1999 I was sexually harassed by my direct supervisor. I complained to Respondent on numerous occasions regarding the sexual harassment, however, an investigation was not conducted and the harassment continued.
>
> I believe I have been discriminated against because of my sex, female and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

*See* Compl. Ex. 1. Since this form was sufficient to put Defendants on notice of Jones's retaliation claim, we find that her retaliation claim is within the scope of her EEOC charge.

### 2. Retaliation Claim Fails to State a Claim Upon Which Relief Can Be Granted

Defendants argue that Jones's retaliation claim should be dismissed for failure to state a claim upon which relief can be granted. We agree.

To establish a retaliation claim under Title VII, a plaintiff must show that she participated in protected activity, that she suffered an adverse employment action, and that there is a causal connection between the adverse employment action and her protected activity. *See Gonzalez v Ingersoll Milling Mach. Co.*, 133 F. 3d 1025, 1035 (7th Cir. 1998). Defendants claim that Jones has not alleged that she was terminated because of an activity protected under Title VII.

Jones claims that Ross terminated her "in retaliation for her denial of his sexual advances and solicitations." Am. Compl. ¶ 115. Defendants correctly point out that such an allegation, even if proven, is insufficient to establish a Title VII retaliation claim. Under 42 U.S.C. § 2000e-3(a), it is unlawful for an employer "to discriminate against any of his employees . . . because he has opposed any . . . unlawful employment practice." The denial of a superior's sexual advances, however, is not the type of "opposition" to an unlawful employment practice contemplated by this provision. *See Speer v. Rand*

6

*McNally & Co.*, No. 95-C-6269, 1996 WL 667810 at *8 n.4 (N.D.Ill. Nov. 15, 1996) (finding that the "refusal of . . . sexual advances . . . is not the type of 'protected activity' which is properly the source of a Title VII retaliation claim"). *But see Murray v. Chicago Transit Auth.*, 252 F.3d 880, 890 (7th Cir. 2001) (noting the issue, finding no Seventh Circuit precedent, and declining to address the question).

The purpose of the anti-retaliation provision is to prevent employee grievances and Title VII claims from being deterred. *See Heuer v. Weil-McLain*, 203 F.3d 1021, 1023 (7th Cir. 2000). Jones does not allege, though, that Ross retaliated against her for complaining to his superiors or for filing a Title VII claim. Rather, Jones alleges that Ross terminated her because she refused his sexual advances. While this may give rise to a claim for sexual discrimination, it does not state a claim for retaliation. As currently constructed, then, Count Two fails to state a claim for retaliation and must be dismissed.[3]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the prayer for punitive damages, to dismiss the claims against Ross in his individual capacity, and to dismiss Count Two is granted.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 7/16/02

---

[3] In the event that Jones decides to file a second amended complaint for a Title VII retaliation claim, we grant her 30 days in which to do so.